UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Patriot's Heart Media Network, Inc., et al. | § § § § | |
| v. | § § | Misc. Action No. 09-442 (RCL) |
| Barry Soetoro, et al. | § § § § |  |

MEMORANDUM AND ORDER

Before this Court is the petition of Patriot's Heart Media Network, Inc., an Illinois corporation, Carl Swensson, Robert Debeaux, Robert D. Pinkstaff, and Dr. Penny Kelso, which asks this Court to convene a federal grand jury to investigate "high crimes against the United States" allegedly committed by Barack Obama, Nancy Pelosi, Howard Dean, and various unnamed members of the news media. For the reasons set forth below the petition is dismissed for want of jurisdiction.

Petitioners ask this Court to convene a grand jury due to their belief that Barack Obama is constitutionally ineligible to serve as President because, as they allege, he is not a "natural born citizen" of the United States as required by Article II, § 1 of the Constitution. Assuming there were probable cause to believe their allegations were true, they would like the grand jury to then indict the President and his "co-conspirators" Howard Dean, Nancy Pelosi, and the unnamed members of the press.

Article III of the Constitution vests the judicial power of the United States

to all cases and controversies arising under the Constitution, laws, and treaties of the United States. U.S. CONST. art. III, § 2. Where there is no case or controversy the federal courts do not have jurisdiction. *Hein v. Freedom from Religion Foundation*, 551 U.S. 587, 588–589 (2007). And the case or controversy requirement can only be satisfied where a plaintiff has standing. *Sprint Commc'ns Co. v. APCC Servs.*, 128 S.Ct. 2531, 2535 (2008). The thrust of a court's standing inquiry is whether or not the dispute is one that can be appropriately resolved through the judicial process. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The Supreme Court has refined this inquiry to three requirements, each of which is essential to confer standing on a plaintiff. *Id.* First, a plaintiff must show they have suffered an injury-in-fact. *Id.* This means that a plaintiff must have suffered an actual or imminent invasion of a legally protected interest that is concrete and particularized. *Id.* Second, the injury must be fairly traceable to the defendant. *Id.* And finally, it must be likely that a decision in the plaintiff's favor will redress the injury. *Id.*

Focusing on the first element of this test, the Court notes that a plaintiff who only alleges "a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* at 573–74.

It follows, and the Supreme Court has repeatedly held, that an individual has no judicially cognizable interest in the criminal prosecution or non-prosecution of another person. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) ("[T]he question of whether and when prosecution to be instituted is within the discretion of the Attorney General."). Furthermore, this principle has been applied to hold that a party lacks standing to compel the impaneling of a grand jury. *Brown v. U.S. Attorney's Office*, 53 Fed. App'x. 118, 118 (D.C. Cir. 2002). Since this is the precisely the relief that petitioners seek, they do not have standing. Accordingly, their petition is dismissed for lack of jurisdiction.

**SO ORDERED** this 10th day of September 2009.

ROYCE C. LAMBERTH
Chief Judge
United States District Court